UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
M.O. and G.O. Individually,
and On Behalf of D.O., a Minor,

                    Plaintiffs,          MEMORANDUM OPINION
                                         AND ORDER

          -against-
                                         12 Civ. 4619 (MGC)

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

                    Defendant.

---------------------------------X

APPEARANCES:

          LAWRENCE D. WEINBERG
          Attorney for Plaintiffs
          233 East 89th Street, 2A
          New York, New York 10128

          By:  Lawrence D. Weinberg, Esq.


          MICHAEL A. CARDOZO, CORPORATION COUNSEL
          OF THE CITY OF NEW YORK
          Attorneys for Defendant
          100 Church Street, Room 2-192
          New York, New York 10007

          By:  Carolyn E. Kruk, Esq.

**Cedarbaum, J.**

Plaintiffs M.O. and G.O. bring this tuition reimbursement action for the 2011-2012 school year on behalf of their son, D.O., under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq., against the New York City Department of Education ("DOE").

In June of 2011, pursuant to IDEA, a local Committee on Special Education developed an individualized education program ("IEP") for D.O., classifying him as speech or language impaired and recommending he repeat the second grade in a class with a 12:1:1 ratio of students to teacher to paraprofessional. The IEP also recommended a variety of instruction in an Integrated Co-Teaching class, individual and group speech and language therapy, and individual and group counseling.

Following the IEP's development, the DOE sent D.O.'s parents a final notice of recommendation, informing them that D.O. was assigned to attend P.S. 213. The parents visited the school and told the DOE that they did not believe it was appropriate for D.O. because, among other reasons, it did not have a second grade class. In July of 2011, the DOE sent D.O.'s parents another final notice of recommendation, which assigned D.O. to P.S. 159. His parents were unable to visit the school because of the summer recess but told the DOE that if an appropriate program and placement was not offered in a timely

manner, they would enroll D.O. in a private school.  On August 15, 2011, before D.O. attended P.S. 159 and before his parents had visited the school, D.O.'s parents informed the DOE that he would attend private school.  D.O. attended third grade at the Lowell School for the 2011-2012 school year.

D.O.'s parents, pursuant to IDEA, filed a due process complaint before an Impartial Hearing Officer ("IHO") seeking reimbursement of D.O.'s private tuition and other relief.  After an evidentiary hearing, the IHO concluded that D.O. had been provided a free appropriate public education ("FAPE"), as required by IDEA.  D.O.'s parents appealed to the State Review Officer ("SRO"), who affirmed the IHO's decision.  Most relevant to this suit, the SRO addressed the parents' challenge to the assigned classroom by reasoning that because the sufficiency of a child's educational program is determined based on the IEP itself, if it becomes clear that the student will not be educated under the IEP, "there can be no denial of a FAPE due to the failure to implement" the IEP.  Because D.O. enrolled in private school before the DOE's obligation to implement the IEP arose, the DOE was not required to present evidence that it provided services in conformity with D.O.'s IEP, and "the parents' unsubstantiated allegations regarding what might have happened had the student attended the public school are not a

basis for concluding that the district failed to offer the student a FAPE by failing to implement the student's IEP."[1]

Plaintiffs argue that the SRO erred in finding that the DOE was not required to proffer evidence of the appropriateness of the assigned classroom, and thus that the SRO erred in finding that the DOE had carried its burden of proving that D.O. was offered a FAPE.  Although district courts review SRO decisions with deference of varying degrees, M.H. v. New York City Dep't of Educ., 685 F.3d 217, 241-44 (2d Cir. 2012), this aspect of plaintiffs' challenge -- whether a certain type of evidence is required for the DOE to meet its burden of proof -- is reviewed de novo.  See Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 82 (2d Cir. 2005).

The Second Circuit has held that a school district may not rely on evidence regarding the services or teachers a child would have had to rehabilitate an otherwise deficient IEP.  R.E. v. New York City Dep't of Educ., 694 F.3d 167, 174 (2d Cir. 2012).  The Second Circuit explained that "an IEP must be evaluated prospectively as of the time it was created."  Id. at 187-88.  In one of the three cases consolidated before the Second Circuit in R.E., the parents did not seriously challenge the IEP but instead argued that the IEP would not have been

---

[1] The SRO further held that even if D.O. had in fact attended the assigned school, there was no evidence that the DOE would have deviated from the IEP in a material way.

effectively implemented in the assigned classroom.[2]  Id. at 195.
They argued that statistics from the school showed that a large
percentage of students were underserved in certain services,
including occupational therapy.  The Second Circuit affirmed the
district court's and the SRO's conclusion that the child was not
denied a FAPE, because "[o]ur evaluation must focus on the
written plan offered to the parents . . . .  Speculation that
the school district will not adequately adhere to the IEP is not
an appropriate basis for unilateral placement."  Id.

It would be inconsistent with R.E. to require the DOE to
proffer evidence regarding the actual classroom D.O. would have
attended, where it had become clear that D.O. would attend
private school and not be educated under the IEP.  See R.C. ex
rel. M.C. v. Byram Hills Sch. Dist., No. 11 Civ. 3938 (GBD),
2012 WL 5862736, at *16 (S.D.N.Y. Nov. 16, 2012) (citing R.E.,
694 F.3d at 188).  How D.O. would have fared in the classroom at
P.S. 159 and whether his IEP would have been adequately
implemented in that classroom is a matter of speculation.
D.O.'s parents enrolled him in private school before the
classroom was available to visit, and their speculation that the
classroom would not adhere to the IEP is not an appropriate
basis for their unilateral placement.  R.E., 694 F.3d at 195.

---

[2] The parents had rejected the classroom, first telling the DOE
that they would consider other classrooms but later notifying
the DOE of private school plans.  Id. at 182.

The DOE's failure to proffer evidence of what might have
happened had D.O. enrolled at P.S. 159 is not a basis for
concluding that the DOE failed to carry its burden in
demonstrating D.O. was provided a FAPE.

Plaintiffs' citation to J.F. v. New York City Department of
Education, No. 12 Civ. 2184 (KBF), 2012 WL 5984915 (S.D.N.Y.
Nov. 27, 2012) at oral argument does not persuasively support
their position.  The plaintiffs in J.F. did argue that the child
was denied a FAPE because the specific classroom "would not
provide an environment reasonably calculated to enable [the
child] to receive educational benefits."  Id. at *8.  But Judge
Forrest's remand of the issue to the IHO focused on procedural
requirements governing the appealability of the issue, since
neither the IHO nor the SRO had considered the issue and the
parents had failed to appeal the issue to the SRO.  Id. at *9-
*10.

Plaintiffs also argue D.O. was denied a FAPE because the
IEP itself was substantively deficient.  Plaintiffs argue that
the IEP was inadequate due to a variety of defects, most of
which were not specifically raised before the state hearing
officers and thus are not appropriate for review at this stage.
20 U.S.C. § 1415(f)(3)(B); R.E., 694 F.3d at 187-88; Garro v.
Connecticut, 23 F.3d 734, 737-38 (2d Cir. 1994).  In any event,
the alleged deficiencies are without merit.  Plaintiffs seek

6

inclusion of information in the IEP that the law does not require to appear in the IEP. Plaintiffs also allege deficiencies in the IEP that the SRO thoroughly analyzed and decided were without merit. The SRO's well-reasoned opinion, which reviewed in great detail the evidence from the impartial hearing and is in fact supported by the administrative record, should not be disturbed. See M.H., 685 F.3d at 241, 244.

The complaint also alleges a procedural violation of IDEA, but plaintiffs seem to have abandoned this issue. Their briefs do not contain argument on the issue and actually note that the DOE "may not have committed a procedural error." It is not clear what facts form the basis of this claim, although the complaint alleges that the SRO failed to decide the appeal within the statutorily permissible time frame and that the hearing before the IHO was adjourned without the request of either party. A child's right to a FAPE is not prejudiced by delay where a court finds that the challenged IEP was adequate. Grim v. Rhinebeck Cent. Sch. Dist., 346 F.3d 377, 381-82 (2d Cir. 2003). Nor is a child's right to a FAPE endangered by delay when parents remove a child from public schooling before challenging the IEP and there is no suggestion that they would have altered their decision had the dispute been resolved more quickly. Id. at 382. Plaintiffs present no argument or

evidence that would support a finding that the delays complained of prejudiced D.O.

For the foregoing reasons, plaintiffs' motion for summary judgment is denied and their complaint is dismissed.

SO ORDERED.


Dated:     New York, New York
           March 27, 2014


                              S/_____
                                 MIRIAM GOLDMAN CEDARBAUM
                                 United States District Judge